## OPPENHEIMER, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

### APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Cancellation of Mortgage.

#### No. 256.—Decided January 20, 1916.

CANCELLATION OF MORTGAGE—PROPERTY OF MINORS—JURISDICTION.—When there are minors interested in the cancellation in the registry of property of a mortgage securing a debt alleged to have been paid to the creditor who died without making a formal cancellation by deed involves an alienation of property of minors, and according to Act No. 33 of 1911, only the district court of the district where the property is situated is competent to authorize such cancellation.

The facts are stated in the opinion.
*Mr. Manuel A. Rivera* for the appellant.
The respondent registrar appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

In his lifetime Teodoro Santiago y Rivera held a mortgage to secure a debt of about $2,452. The amount of the said debt was paid to him by the debtors, but he died without making the formal cancellation by deed. His estate was administered and his property divided, but the appellant alleges that by an involuntary mistake in the deed of partition no mention was made of the fact that the mortgage was satisfied. Ponce was the place of the last domicile of the said Santiago, and to the Court of the District of Ponce the appellant applied for leave to make the deed of cancellation in her own name and in the name of her child, heirs of the said Santiago. The leave was granted and the deed made and presented to the Registrar of Guayama, who refused the record because the proper court to authorize the cancellation was not the District Court of Ponce, but the District Court of Guayama, where the lands were situated.

The appellants have presented arguments to show that the act for which they seek authorization is a mere formality and that if the parties had recognized the rights of the purchaser in a partition deed made after the death of their ancestor, such recognition with the approval of the court would have been sufficient. Without entering into a discussion of the merits of this contention, we may say that what the appellants are asking involves an alienation of minors' property, and hence we agree with the registrar that the law applicable was Act No. 33 of March 9, 1911, which provides that:

"The exercise of the *patria potestas* does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situate and the demonstration of the necessity and utility of the alienation

or encumbrance and in conformity with the provisions of sections 80, 81 and 82 of an Act relative to special legal proceedings."

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.